741 So.2d 186 (1999)
Shawn Thomas McDERMOTT, Plaintiff-Appellant,
v.
Nadine Theresa McDERMOTT, Defendant-Appellee.
No. 32,014-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*187 Sandra L. Walker, Shreveport, Counsel for Appellant.
Steven E. Soileau, Shreveport, Counsel for Appellee.
Before BROWN, WILLIAMS and CARAWAY, JJ.
WILLIAMS, Judge.
The plaintiff, Shawn McDermott, appeals a judgment awarding alimony pendente lite of $800 per month to the defendant, Nadine McDermott. For the following reasons, we affirm.

FACTS
Shawn and Nadine McDermott were married in July 1994. No children were born of their marriage. The parties separated in July 1997, after Shawn asked Nadine to leave the matrimonial domicile. On December 10, 1997, Shawn filed a petition for divorce alleging adultery by Nadine and seeking the use and possession of the former marital home. Nadine answered the petition and alleged that she was entitled to receive alimony pendente lite and permanent alimony.
In January 1998, the plaintiff, Shawn McDermott, filed a supplemental and amended petition for divorce based on the parties having lived separately and apart for a period of six months. In her answer, Nadine McDermott admitted this fact. Subsequently, she filed a rule seeking alimony pendente lite, permanent alimony and determination of other matters.
At the hearing on the rule, the plaintiff requested a continuance because of the unavailability of a witness with evidence of defendant's alleged fault and the lack of certain bank records. The district court granted in part plaintiff's oral motion for a continuance on the issue of permanent alimony, and declined to consider the divorce at that time. The district judge expressed a desire to hear in a single proceeding the evidence regarding fault as it pertained to the divorce and permanent alimony. However, the trial court decided to consider the defendant's claim for an award of temporary alimony. Plaintiff filed an application for a supervisory writ, which was denied by this court. McDermott v. McDermott, 31,355-CW (La.App.2d Cir.4/29/98).
After hearing the evidence presented, the trial court awarded defendant alimony pendente lite of $800 per month, payable as of April 1, 1998. The plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the trial court erred in declining to grant the divorce at the April 1998 hearing. Plaintiff argues that the trial court was required to grant the divorce based on living separately and apart, thereby terminating an award of *188 alimony pendente lite as of the hearing date.
This court has previously found that in the interest of judicial efficiency, district courts should encourage litigants to seek determination of the permanent alimony fault issue at the time when the merits of the divorce are determined and preferably before the divorce is rendered. Jordan v. Jordan, 408 So.2d 952 (La.App.2d Cir. 1981). The trial court may continue any case if there is good ground therefore. LSA-C.C.P. art. 1601.
Here, the record shows that the trial court did not deny plaintiff's request for a divorce, but delayed its consideration of the merits of the divorce because of the unresolved issue of fault, which was to be the subject of testimony by the plaintiff's unavailable witness. The court based its decision on the desire to hear the evidence regarding fault and permanent alimony at the same time as the consideration of the merits of the divorce. The trial court's position is consistent with the principle of judicial economy stated in Jordan, supra.
In addition, we note that pursuant to LSA-R.S. 9:310, the trial court could have required that alimony pendente lite be paid retroactively from the date of judicial demand, February 24, 1998. Thus, even if the divorce had been granted in April 1998, the plaintiff could have been obligated to pay alimony pendente lite for approximately two months, the same amount which was paid under the present judgment. Therefore, the plaintiff was not prejudiced by any delay in hearing the divorce. Based upon this record, we cannot say the trial court erred in continuing further consideration of the merits of the divorce until a later date. The assignment of error lacks merit.
The plaintiff contends the trial court erred in considering the issue of alimony pendente lite despite granting a partial continuance on the issue of permanent alimony. The record shows that although the trial court continued consideration of the permanent alimony issue because plaintiff's witness was not available, the court found that the evidence was sufficient to resolve the issue of alimony pendente lite. This finding was not clearly wrong. Thus, the assignment of error lacks merit.
Plaintiff also argues that the trial court erred in awarding alimony pendente lite. Actions for divorce commenced before January 1, 1998, are to be governed by the law in effect prior to that date. Acts 1997, No. 1078; LSA-R.S. 9:386. Consequently, the applicable law in the present case is former LSA-C.C. art. 111, which provided that if a spouse is without sufficient income for maintenance pending divorce, the judge may allow the claimant spouse a sum for her support, proportioned to the needs of the claimant spouse and the means of the other spouse. Thus, contrary to the plaintiff's argument, the trial court possessed the statutory authority to award alimony pendente lite to the defendant. See Wascom v. Wascom, 96-0125 (La.4/8/97), 691 So.2d 678.
The trial court is vested with much discretion in determining awards of alimony. Such determinations will not be disturbed absent a clear abuse of discretion. Broussard v. Broussard, 532 So.2d 281 (La.App. 3rd Cir.1988).
Here, the trial court considered the financial means and expenses of each spouse in finding that defendant established a need for support pending the divorce. The evidence shows that plaintiff's monthly income exceeded $3,000. After reviewing the record, we cannot say the trial court abused its discretion in awarding the defendant alimony pendente lite of $800 per month. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this *189 appeal are assessed to the appellant, Shawn McDermott.
AFFIRMED.