793 So.2d 243 (2001)
John H. JONES, Plaintiff-Appellant,
v.
Evelyn J. JONES, Defendant-Appellee.
No. 34,822-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2001.
*244 Dianne Hill, Monroe, Counsel for Appellant.
Loomis & Dement by Albert E. Loomis, III, Monroe, Counsel for Appellee.
Before NORRIS, CARAWAY and KOSTELKA, JJ.
KOSTELKA, J.
John Jones ("John") appeals the judgment by the Fourth Judicial District Court in favor of Evelyn Jones ("Evelyn"), wherein he was ordered to pay past-due interim periodic spousal support in the amount of $6,000 plus attorney's fee and was also held to be in contempt of court for failure to make said payments. Finding no error by the trial court, we affirm.

FACTS
John and Evelyn were married in 1973, and established their matrimonial domicile in Monroe, Louisiana, where they lived until their separation on September 8, 1999. In October, 1999, John filed for divorce from Evelyn, and she subsequently filed her answer and petition for other relief, which included a request for interim periodic spousal support. The matters were consolidated. In its Judgment on Rules dated February 28, 2000, the trial court ordered interim periodic spousal support in favor of Evelyn in the amount of $1,500 per month. The trial court also issued other orders regarding health insurance, child support, restraining orders and use of community property. On May 17, 2000, the Judgment of Divorce was entered.[1]
On June 7, 2000, Evelyn filed a Motion and Rule for Back Due Interim Periodic Spousal Support, Court Costs and Attorney's Fees, wherein she also prayed that John be found in contempt for failure to make such payments. After a hearing on the rule, judgment was entered in favor of Evelyn on September 18, 2000, ordering John to pay back due interim periodic spousal support to Evelyn in the amount of $6,000 and for attorney's fees of $600, as well as finding John to be in contempt for failing to make the support payments after the date of divorce. John has appealed this judgment of the trial court.
Additionally, prior to the entry of that judgment of the trial court, John filed on September 14, 2000 his Rule to Terminate Interim Periodic Spousal Support, wherein he requested the trial court terminate the original order for such support retroactive to the date of filing of his rule. Pursuant to the trial court's judgment of October 30, *245 2000, John's rule was denied, which judgment is also the subject of his appeal.

DISCUSSION
Primarily, John argues that the trial court erred in its finding that the interim periodic spousal support originally awarded Evelyn in the Judgment on Rules continues beyond the date of divorce. Specifically, John argues that the Judgment of Divorce failed to specifically order the previous interim periodic spousal support to continue past the date of the divorce and that it was never his intent that such support would continue.
The trial court is vested with much discretion in determining awards of spousal support. Such determinations will not be disturbed absent a clear abuse of discretion. Thomey v. Thomey, 33,000 (La. App.2d Cir.04/07/00), 756 So.2d 698; McDermott v. McDermott, 32,014 (La. App.2d Cir.06/16/99), 741 So.2d 186; Broussard v. Broussard, 532 So.2d 281 (La.App. 3d Cir.1988).
The Louisiana Civil Code's spousal support articles were amended in 1997 by La. Acts No. 1078, Regular Session, and went into effect on January 1, 1998. Pursuant to these amendments, the terms "alimony pendente lite" and "permanent periodic alimony" were eliminated, and the terms "interim" and "final periodic spousal support" were substituted. See, Thomey, 756 So.2d at 702, citing, La. C.C. art. 111 and its Revision Comments1997(a); Kenneth Rigby, The 1997 Spousal Support Act, 58 La. L.Rev. 887 (1998). The award of either or both is completely independent of the rendition of a judgment of divorce. Thomey, 756 So.2d at 702. Pursuant to La. C.C. art. 113, interim periodic spousal support shall extend no longer than one hundred eighty days after rendition of the judgment of divorce, except for good cause shown. Comment (e) to Article 113 notes that:
An award of interim allowance, whether or not there is a pending claim for final spousal support, may not extend beyond one hundred eighty days from the rendition of the judgment of divorce, unless the obligee shows good cause for an extension. Unlike alimony pendente lite, which was terminated by a judgment of divorce (see Wascom v. Wascom, 691 So.2d 678 (La.1997)), the claim for and termination of an interim allowance is independent of the divorce judgment. (Emphasis added).
In this case, the Judgment on Rules, which was rendered by the trial court on February 28, 2000, stated as follows:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Evelyn Jones and against John H. Jones, awarding unto Evelyn Jones interim periodic spousal support in the full sum of $1,500.00 per month commencing October 20, 1999 and being payable on or before the first day of each successive month thereafter.
On May 17, 2000, the Judgment of Divorce was rendered, which stated, "The Judgment on Rules of February 28, 2000 is hereby maintained."
Clearly, the Judgment of Divorce maintains and keeps in place the previous judgment, which made the initial award to Evelyn of interim support, along with the other ancillary issues which otherwise had not terminated by law. However, at the hearing on the matter regarding the payment of back due interim support, John argues that his intent was not to "maintain" that portion of the February, 2000 order which awarded Evelyn interim support, although there was no evidence offered to show his lack of intent, other than *246 a proposed judgment purportedly prepared by his attorney and which was never signed by the trial judge. Nor was evidence presented to the trial court indicating that Evelyn's circumstances had changed upon the date of the divorce judgment to warrant a termination of the award.
Moreover, Article 113 requires a showing of "good cause" to prove that interim support in excess of one hundred eighty days past a divorce judgment is necessary. Notably, such a showing is not required by the article in order to allow such an award for the initial one hundred eighty-day period past the date of divorce.
Therefore, considering the clear wording of the Judgment of Divorce, which explicitly maintained the orders set forth in the February 28, 2000 Judgment on Rules, we conclude that the trial court did not abuse its discretion in finding that the award for interim periodic spousal support in favor of Evelyn extended past the date of divorce and that John was responsible for the back-due payments. We further conclude that pursuant to La. C.C. art. 113, the interim periodic spousal support awarded to Evelyn continued for one hundred eighty days past the date of the Judgment of Divorce by operation of law.
Additionally, John argues that the trial court erred in finding him in contempt for failing to pay Evelyn interim support after the date of divorce. John urges that his failure to pay Evelyn after the date of the divorce was not an intentional violation of the trial court's order, but was based, instead, on his good faith interpretation of the law that the interim spousal support did not extend past the Judgment of Divorce.
The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying a court's order and its decision will only be reversed when the appellate court can discern an abuse of that discretion. Stephens v. Stephens, 30,498 (La.App.2d Cir.05/13/98), 714 So.2d 115, citing, Martin v. Martin, 457 So.2d 189 (La.App. 2d Cir. 1984); Welborne v. Welborne, 29,479 (La. App.2d Cir.05/07/97), 694 So.2d 578, writs denied, 97-1800 (La.10/13/97), 703 So.2d 621 and 97-1850 (La.10/13/97), 703 So.2d 623.
La. C.C.P. art. 224 provides in pertinent part:
Any of the following acts constitutes a constructive contempt of court:
. . . .
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of court; ...
The party seeking the contempt order must show that the offending party wilfully disobeyed a direct order of the court prior to the contempt rule. Moises v. Moises, 97-1208 (La.App. 5th Cir.04/15/98), 710 So.2d 1191.
John testified that he had read the Judgment of Divorce, which clearly stated that the previous Judgment on Rules was maintained and leads to the obvious conclusion that the interim periodic spousal support would continue past the date of said judgment. He also admitted that he did not make the support payments to Evelyn past the date of the Judgment of Divorce. John's reason for unilaterally disregarding an order of the trial court is irrelevant. Any reason he may have had for not paying did not constitute a justifiable excuse. See, Nungesser v. Nungesser, 558 So.2d 695 (La.App. 1st Cir.1990), writ denied, 560 So.2d 30 (La.1990). "Persons who make private determinations of the law and refuse to obey an order risk contempt even if the order is ultimately ruled incorrect." Id. at 701, *247 citing, State v. Meyer, 375 So.2d 372 (La. 1979). Therefore, we cannot conclude that the trial court abused its discretion in finding John in contempt for failing to make the court-ordered payments of interim periodic spousal support to Evelyn past the rendering of the divorce judgment.
Alternatively, John argues that even if the court properly found him in contempt, the award of attorney's fees was too high. First, we note that the award of attorney's fees is independent of a finding of contempt of one party.[2] Pursuant to La. R.S. 9:375, "[w]hen the court renders judgment in an action to make executory past-due payments under a spousal ... support award, ... it shall, except for good cause shown, award attorney's fees and costs to the prevailing party." Here, there was no good cause shown to negate an award of attorney's fees payable under the statute. Not only was Evelyn the prevailing party in this case, but John was also found to be in contempt for his failure to pay. Therefore, we conclude that the award of $600 in attorney's fees to Evelyn was not an abuse of discretion by the trial court.

CONCLUSION
For the reasons set forth above, the judgments in favor of Evelyn Jones are affirmed at John Jones's cost.
AFFIRMED.
NOTES
[1] Although the record contains a Notice of Appeal prepared by the Clerk for the Fourth Judicial District Court indicating that this judgment is being appealed, there is no mention by John that he is appealing the Judgment of Divorce.
[2] La. R.S. 13:4611(1)(d) sets forth the punishment for contempt of court in disobeying an order for spousal support as being a "fine of not more than five hundred dollars, or imprisonment for not more than three months, or both." It does not apply to attorney's fees.