I,KOSTELKA, J.
Henry Kellogg appeals a judgment of the First District Court for the Parish of Caddo, Louisiana in favor of his former wife, Lee Carpenter Kellogg, in which she was awarded $7,800 for past due interim periodic support. For the following reasons, we' affirm.
Facts
Henry and Lee Kellogg were married on August 2, 1990. There were no children born of the marriage. On August 12,1999, Mrs. Kellogg filed a petition for divorce, seeking, among other things, interim periodic support. She did not seek final periodic support at that time but alleged her freedom from fault and reserved her right to seek final periodic support in the future.
Subsequently, an Interim Order was entered by agreement of the parties, wherein Mr. Kellogg was ordered to pay Mrs. Kellogg $300 per week as interim periodic support “beginning July 12, 1999 and every week thereafter.” On September 21, 2000, a Judgment of Divorce was rendered between the parties which continued the provisions of the Interim Order. The right to litigate the issue of fault was specifically reserved.
Later, represented by new counsel, Mrs. Kellogg filed a Petition for Issuance of Rules Nisi for Contempt, To Make Past Due Interim Support Executory and for Attorney Fees. Therein, she alleged that Mr. Kellogg was past due in his payment of interim periodic support pursuant to the Interim Order, attaching an exhibit showing that Mr. Kellogg owed support dating from September 25, 2000. In response, Mr. Kellogg filed his Peremptory Exception of No Right of Action claiming that the parties had compromised the issue of support. The two matters were tried simultaneously. Judgment was rendered by the trial court denying Mr. | ¡.Kellogg’s exception and awarding Mrs. Kellogg the sum of $7,800 for unpaid interim periodic support, as well as reimbursement for *1179 medical expenses, attorney fees and costs incurred in bringing the rule. This appeal by Mr. Kellogg ensued.
Issues
On appeal, Mr. Kellogg argues that the parties had entered into a lawful transaction and compromise which terminated Mrs. Kellogg’s right to receive interim periodic support. Specifically, he argues that certain correspondence between the then attorneys for him and Mrs. Kellogg settled the issue of spousal support.
On September 14, 2000, prior to the rendering of the divorce judgment, counsel for Mrs. Kellogg wrote a letter to counsel for Mr. Kellogg[1] in which it was expressed that Mrs. Kellogg would waive “permanent spousal support” in exchange for certain concessions by Mr. Kellogg. (Emphasis added.) On September 26, 2000, the September 14, 2000 letter was answered by counsel for Mr. Kellogg, purportedly accepting the offer, but requesting that Mrs. Kellogg “execute a waiver of any additional support from Mr. Kellogg.” (Emphasis added.) Mr. Kellogg maintains that these letters constituted a written compromise agreement that Mrs. Kellogg had waived her right to any spousal support which would include her claim for past due interim periodic support.
lain support of his argument that the letters between counsel constituted a compromise of the claim for spousal support, Mr. Kellogg points to La. C.C. art. 3071, which states as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
The letters between counsel for the Kel-loggs cannot constitute a valid compromise, because mutual consent never existed. A basic principle of contract formation is that a contract is formed by the consent of the parties established through offer and acceptance. La. C.C. art.1927.
In the September 14th letter, Mrs. Kellogg’s attorney agreed to waive any claim for “permanent spousal support” in exchange for Mr. Kellogg performing certain actions.[2] Mr. Kellogg’s attorney responded on September 26th, after the judgment of divorce, stating that “[t]he offer contained in your September 14, 2000 letter is accepted,” and continued that Mr. Kellogg agreed to perform as requested in the September 14th offer. However, the September 26th letter requested that Mrs. Kellogg “execute a waiver of any additional support from Mr. Kellogg.... ” (Emphasis added.) Mr. Kellogg’s request that Mrs. Kellogg waive any or all support 14would necessarily include her right to interim periodic support, as well as final periodic support, a request which clearly exceeded the offer originally put forth by *1180 Mrs. Kellogg in the September 14th letter. Interim periodic spousal support and final periodic spousal support are distinct concepts independent of the rendition of a judgment of divorce. La. C.C. art. 111; Jones v. Jones, 34,822 (La.App.2d Cir.06/20/01), 793 So.2d 243.
Under the facts of this case, Mr. Kellogg obviously did not accept the offer as put forth by Mrs. Kellogg in the September 14th letter. Mrs. Kellogg maintains that her offer to waive “permanent spousal support” was not an offer to waive her right to interim periodic support, and we agree. Mr. Kellogg’s letter of September 26th “accepting” the terms of Mrs. Kellogg’s offer expands her offer, which would make it not an acceptance, but a counteroffer having the effect of negating any offer made by Mrs. Kellogg’s September 14th letter. An acceptance not in accordance with the terms of the offer is deemed to be a counteroffer. La. C.C. art.1943. Clearly, Mrs. Kellogg’s September 14th offer does not state that she would waive her right to the interim periodic support she was already entitled to receive as a result of the Interim Order and the Judgment of Divorce. Mr. Kellogg’s “acceptance” does not accept her offer as made, but, because it changes the terms, acts to negate her original offer. Without an offer and acceptance, there can be no contract, and, obviously, there did not exist mutual consent in this instance. Therefore, there was not a valid compromise according to the dictates of La. C.C. arts. 3071 and 1943.
Furthermore, the Judgment of Divorce dated September 21, 2000 continued in “full force and effect” the Interim Order which contained the border for interim periodic support. Under La. C.C. art. 113, interim periodic support would continue for 180 days from the date of the Judgment of Divorce. Additionally, in the judgment, the parties reserved “the right to litigate the issue of fault.” We can see no other reason for the parties to have reserved the issue of fault other than to address the issue of final periodic support in the future. Thus, the judgment also serves to disprove the existence of any mutual consent or compromise between Mr. and Mrs. Kellogg as to the issue of support. .
Conclusion
For the foregoing reasons, the trial court’s judgment in favor of Mrs. Lee Carpenter Kellogg is hereby affirmed. Costs of this appeal are assessed to Henry Kellogg.
AFFIRMED.

. Both Mr. and Mrs. Kellogg were represented at that time by counsel other than appeal counsel.

. We note the letter referred to "permanent spousal support,” but "final periodic support” would be the proper designation. La. C.C. art. 111. However, it appears that the terms are used interchangeably to refer to long-term spousal support.