859 So.2d 256 (2003)
Steven E. LANG, Plaintiff-Appellee,
v.
Tina Lisa Evans LANG, Defendant-Appellant.
No. 37,779-CA.
Court of Appeal of Louisiana, Second Circuit.
October 23, 2003.
Lauren Gay Coleman, Alexandria, for Appellant.
Culpepper & Carroll, PLLC, by Bobby L. Culpepper, Jonesboro, Teresa C. Carroll, for Appellee.
Before STEWART, PEATROSS and TRAYLOR (Pro Tempore), JJ.
TRAYLOR, Judge Pro Tempore.
Tina Lisa Evans (Lang) ("Tina") appeals the judgment of the Eighth Judicial District Court, Winn Parish, Louisiana in favor of her previous husband, Steven E. Lang ("Steven"). For the following reasons, we affirm.

FACTS
Steven and Tina were married in January 2000 and established their matrimonial domicile in Winn Parish, Louisiana. The parties had no children, although Tina had a child from a previous marriage. Less than two years later, the couple separated and Steve filed a Petition for Divorce and an Amended Petition for Divorce against Tina, both in November 2001. In response, *257 Tina filed her Answer and Reconventional Demand, wherein she requested interim periodic spousal support from Steven.
In early 2002, trial was held on incidental matters. Before the trial court at that time was Tina's request for interim periodic spousal support, and the trial court ordered Steven to pay such support to Tina in the amount of $1,636 per month retroactive to December 12, 2001. The Judgment on Incidental Matters was signed on March 1, 2002,[1] and, regarding the interim periodic spousal support awarded, specifically stated as follows:
... Steven E. Lang, to pay to plaintiff-in-rule, Tina Lisa Evans Lang, as interim periodic spousal support under Louisiana Civil Code Article 111 the sum of $1,636.00 per month, retroactively commencing on December 12, 2001, and continuing on the 12th day of each succeeding month until rendition of a judgment of divorce in this case, reserving to the parties and the Court the right to either continue said support payments for up to 180 days after the granting of said divorce, or to modify or terminate said support payments. (Emphasis added).
On July 18, 2002, the parties were divorced.[2] Subsequently, Tina filed a motion to make the support judgment executory, for contempt, and for attorney's fees. She also sought to extend interim spousal support, alleging that Steven had terminated such support in May 2002. After a hearing on that matter in October 2002, Judgment was rendered with the trial court finding Steven in contempt for not paying interim spousal support. The trial court also terminated the award of interim spousal support as of the date of divorce. Tina appealed from that judgment. In response, Steven filed a peremptory exception of res judicata which had previously been deferred to the merits of this appeal.

DISCUSSION
On appeal Tina states that the trial court erred in terminating her interim periodic spousal support as of the date of her divorce from Steven. She argues that an award of interim periodic spousal support automatically continues for one hundred eighty days beyond the date of divorce. Under the particular facts of this case, we disagree.
The trial court is vested with much discretion in determining awards of spousal support. Such determinations will not be disturbed absent a clear abuse of discretion. Jones v. Jones, 34,822 (La.App.2d Cir.06/20/01), 793 So.2d 243; Thomey v. Thomey, 33,000 (La.App.2d Cir.04/07/00), 756 So.2d 698; McDermott v. McDermott, 32,014 (La.App.2d Cir.06/16/99), 741 So.2d 186.
Louisiana C.C. art. 111 states as follows:
In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay, ... (Emphasis added).
Louisiana C.C. art. 113 states as follows:

*258 Upon motion of a party or when a demand for final spousal support is pending, the court may award a party interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown. (Emphasis added).
In this case, the trial court, exercising the discretion allowed it under La. C.C. arts. 111 and 113, initially awarded Tina interim periodic spousal support in its Judgment on Incidental Matters "until rendition of a judgment of divorce in this case," expressly reserving the right to "continue," "modify," or "terminate" the award. The Judgment of Divorce rendered July 18, 2002 is silent regarding spousal support, interim or final.
On July 19, 2002, Tina's Motion to Make Spousal Support Judgment Executory, for Contempt and Attorney Fees and to Extend Spousal Support Award was filed, resulting in an October 2, 2002 hearing on Tina's rule. At that hearing, the trial court specifically considered evidence regarding Tina's ability to support herself. Based on its review of the evidence, and pursuant to its express reservation in the earlier Judgment on Incidental Matters, the trial court terminated Tina's interim spousal support. The record contains the trial court's oral reasons rendered at the conclusion of the hearing wherein it determined that "all support payments, interim periodic support is terminated as of the date of judgment of divorce, which was July 19, 2002."
Considering that La. C.C. arts. 111 and 113 give a trial court discretion in making an award of interim periodic spousal support, it was not error for the trial court to reserve its right to later revisit the issue of whether to "continue," "modify," or "terminate" Tina's interim support.[3] Nor was it error, considering the evidence before the trial court, to then exercise its discretion again (as reserved in the Judgment on Incidental Matters) and terminate Tina's interim support retroactive to the date of the parties' divorce.
Tina argues that the trial court, once it exercised its discretion and awarded Tina interim support, was constrained to extend the award until "the rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever [occurred] first." La. C.C. art. 113. One case she looks to is our previous opinion in Jones, supra, which can be distinguished from the facts at hand, and, therefore, is inapplicable. In Jones, the trial court awarded Mrs. Jones interim periodic spousal support in its initial Judgment on Rules. No further mention was made regarding the award. Later, the Judgment of Divorce was rendered, specifically maintaining the Judgment on Rules. In Mr. Jones' attempt to terminate Mrs. Jones' award of interim support as of the date of divorce, he argued that he never intended to maintain such support after the date of divorce. Although we concluded in Jones that interim support award to Mrs. Jones was to stay in place *259 for the initial 180 days subsequent to the divorce judgment, we did so based only on the "clear wording of the Judgment of Divorce."
In the case sub judice, based on the "clear wording" of the trial court's Judgment on Incidental Matters initially awarding Tina interim periodic spousal support (i.e. reserving the right to "continue," "modify," or "terminate" her interim support), the trial court did not err in terminating her interim support retroactive to the date of divorce. Such a determination was within the discretion of the trial court as allowed pursuant to La. C.C. arts. 111 and 113.
Additionally, our findings herein pretermit a discussion of Steven's exception of res judicata.

CONCLUSION
For the foregoing reasons, the judgment in favor of Steven E. Lang is hereby affirmed, with the costs of this appeal assessed to Tina Evans (Lang).
AFFIRMED.
NOTES
[1] For reasons unknown, an identical judgment was also signed on May 29, 2002.
[2] The appeal record has been supplemented with the Judgment of Divorce rendered in Steven E. Lang versus Tina Lisa Evans Lang, Proceedings No. 37219-02, Eighth Judicial District Court, Parish of Winn, State of Louisiana.
[3] Notably, the Judgment on Incidental Matters, wherein the trial court reserved its right to revisit the issue of interim spousal support, was not appealed from, nor has Tina filed a petition to annul said judgment based on an error in the legal substance of the judgment.