869 So.2d 224 (2004)
Darlene Lebeau CARMOUCHE
v.
Myron Joseph CARMOUCHE.
No. 03-CA-1106.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*225 Mark A. Marino, Destrehan, LA, for Appellant.
Steven F. Griffith, Sr., Destrehan, LA, for Appellee.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Appellant, Myron Joseph Carmouche, appeals from a judgment of the trial court that fixed an amount of child support for his two children and granted interim periodic spousal support to his former wife, Darlene Lebeau Carmouche. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
Darlene Lebeau Carmouche ("Ms.Carmouche") filed a Petition for Divorce, pursuant to La. C.C. art. 102, on April 24, 2003 in the Twenty-Ninth Judicial District Court for the Parish of St. Charles. In her petition, Ms. Carmouche further sought interim periodic spousal support and child support for the Carmouches' two children from her husband, Myron Joseph Carmouche ("Mr.Carmouche").
On June 6, 2003, the trial court held a hearing on Ms. Carmouche's claims for child and spousal support. On June 23, 2003, the trial court ordered that Mr. Carmouche pay $600 per month in child support and $300 per month to Ms. Carmouche in interim periodic spousal support.
It is from this judgment that Mr. Carmouche has timely filed the present appeal.

LAW AND ANALYSIS
The standard of appellate review of factual findings in a civil action is a two-part test: (1) the appellate court must find from the record there is a reasonable factual basis for the finding of the fact finder, and (2) the appellate court must further determine the record establishes the finding is not clearly wrong (manifestly erroneous).[1] Factual findings should not be reversed on appeal absent manifest error.[2] If the trial court's "findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse...."[3] *226 Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous.[4]
In his first assignment of error. Mr. Carmouche contends that the trial court abused its discretion "in not applying the affect of a shared custodial arrangement under Louisiana Revised Statute 9:315.9 as it pertains to the setting of child support."
The record shows that Mr. and Ms. Carmouche had both previously agreed and maintained a voluntary joint custody arrangement for their children under which the parties alternated custody on a weekly basis. Accordingly, LSA-R.S. 9:315.9 provides, in relevant part:
(2) If the joint custody order provides for shared custody, the basic child support obligation shall first be multiplied by one and one-half and then divided between the parents in proportion to their respective adjusted gross incomes.
(3) Each parent's theoretical child support obligation shall then be cross multiplied by the actual percentage of time the child spends with the other party to determine the basic child support obligation based on the amount of time spent with the other party.
(4) Each parent's proportionate share of work-related net child care costs and extraordinary adjustments to the schedule shall be added to the amount calculated under Paragraph (3) of this Subsection.
(5) Each parent's proportionate share of any direct payments ordered to be made on behalf of the child for net child care costs, the cost of health insurance premiums, extraordinary medical expenses, or other extraordinary expenses shall be deducted from the amount calculated under Paragraph (3) of this Subsection.
(6) The parent owing the greater amount of child support shall owe to the other parent the difference between the two amounts as a child support obligation. The amount owed shall not be higher than the amount which that parent would have owed if he or she were a domiciliary parent.
B. Worksheet B reproduced in R.S. 9:315.20, or a substantially similar form adopted by local court rule, shall be used to determine child support in accordance with this Subsection.
The trial court in this case did, in fact, use Worksheet B to determine Mr. Carmouche's child support obligation in this case. Mr. Carmouche maintains however, that the trial court failed to follow the directions on lines 13 and 14 of the form, and should not have used Ms. Carmouche's child support obligation on line 13 without subtracting Mr. Carmouche's obligation for support in column A of line 13.
There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is the proper amount of child support.[5] Generally, however, the trial court's order of child support is entitled to great weight and will not be disturbed on appeal absent clear abuse of discretion.[6]
*227 After a review of the record, we find that the court did not abuse its discretion in this case in awarding $600.00 per month in child support for Mr. Carmouche's minor children.
Mr. Carmouche next asserts that the trial court erred in ordering that the parties equally share any uncovered medical expenses.
LSA-R.S. 9:315.5 states, "By agreement of the parties or order of the court, extraordinary medical expenses incurred on behalf of the child shall be added to the basic child support obligation."
As the court noted in Welborne v. Welborne,[7] however:
As to future medical expenses not covered by insurance, this court has repeatedly held that the express legislative approval of the addition of extraordinary medical expenses to the basic child support obligation under La.R.S. 9:315.5 does not preclude the trial court from ordering one or both parties to pay ordinary, noncovered, medical expenses. See Hutto v. Kneipp, 627 So.2d 802 (La. App. 2d Cir.1993); Settle v. Settle, 25,643 (La.App.2d Cir.3/30/94), 635 So.2d 456; Holdsworth v. Holdsworth, 621 So.2d 71, (La.App. 2d Cir.1993).
Similarly, in this case, we find no abuse of discretion in the trial court's ruling related to uncovered medical expenses in regard to their child support obligations.
In his last assignment of error, Mr. Carmouche asserts that the trial court abused its discretion in allowing interim spousal support to Ms. Carmouche. Specifically, Mr. Carmouche asserts that the evidence provided to the court established that her economic circumstances indicated that she had sufficient income for her maintenance.
The trial court is vested with much discretion in determining awards of spousal support, and such determinations will not be disturbed absent a clear abuse of discretion.[8] In order to demonstrate need for interim periodic spousal support, the claimant spouse has the burden of proving that she lacks sufficient income to maintain the standard of living that she enjoyed while residing with her spouse.[9]
In this case, the trial court noted in its Reasons For Judgment, "On the spousal support issue, the Court notes that Mrs. Carmouche has a shortfall of $300.00 per month on nominal, bare subsistence living expenses." After a review of the record, we find the trial court's conclusion to be reasonably supported, as the trial court both heard the testimony of Ms. Carmouche regarding her income and expenses and had the opportunity to review the supporting documentation entered into evidence. Accordingly we find this assignment to be without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987).
[2] Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989);
[3] Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La. 1990).
[4] Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993).
[5] La. R.S. 9:315.1(A); Campbell v. Campbell, 95-1711, p. 5 (La.App. 1 Cir. 10/10/96), 682 So.2d 312, 317.
[6] Campbell v. Campbell, 95-1711, p. 4 (La. App. 1st Cir.10/10/96), 682 So.2d 312, 316.
[7] Welborne v. Welborne, 29,479 (La.App. 2 Cir. 5/7/97), 694 So.2d 578, 583; writ denied, 97-1800 (La.10/13/97), 703 So.2d 621; writ denied, 97-1850 (La.10/13/97), 703 So.2d 623.
[8] McDermott v. McDermott, 32,014 (La.App. 2 Cir. 6/16/99), 741 So.2d 186, 188.
[9] Thomey v. Thomey, 33,000 (La.App. 2 Cir. 4/7/00), 756 So.2d 698, 702.