PITMAN, J.
1 iPlaintiff-Appellant Ashlee Tidwell appeals the trial court’s judgment in favor of Defendant-Appellee Todd Michael Tidwell. For the following reasons, we affirm.
FACTS
The parties married in October 1995 and had two daughters. On April 16, 2013, Ms. Tidwell filed a petition for' divorce under La. C.C. art. 102 and sought child custody, child support, interim and final spousal support and partition of community property. Mr. Tidwell filed an answer and re-conventional demand under La. C.C. .art.. 103, alleging that Ms. Tidwell committed adultery and was at fault for the breakdown of the marriage.
In February 2014, the parties entered into a joint stipulation and consent judgment and resolved the issues of child support, child custody and interim spousal support. Relevant to this appeal, the parties agreed that Mr. Tidwell would pay interim spousal support to Ms. Tidwell in the amount of $1,800 per month, retroactive to May 1, 2013; that Mr. Tidwell would pay the house note on the former matrimonial domicile (the “Domicile”) and the car note on the 2010 Chevrolet Suburban (the “Suburban”) for the duration of the interim spousal support award period; and that Ms. Tidwell would have exclusive use of the Domicile and of the Suburban. They also agreed that Mr. Tidwell’s claim for rental value of Ms. Tidwell’s exclusive use of the Domicile should be deferred to be considered in the community property partition.
.On March 5, 2014, Ms. Tidwell filed.a rule to show cause, why permanent spousal support should not be awarded.
12Following a hearing on the rule for divorce, the trial court determined that Mr. Tidwell proved that Ms. Tidwell committed adultery. On March 24, 2014, the trial court rendered judgment in favor of Mr. Tidwell and granted , a divorce based upon adultery. Ms. Tidwell appealed. In Tidwell v. Tidwell, 49,512 (La. App. 2 Cir. 11/19/14), 152 So.3d 1045, this court affirmed the judgment of the trial court.
On October 3, 2014, Ms. Tidwell filed' a rule to show cause and for contempt. She alleged that Mr. Tidwell had made sporadic spousal support payments since May 1, 2013, and contended that she was entitled to be paid the balance of the arrearages with interest, attorney fees and court costs. She also alleged that Mr. Tidwell advised her that he would stop paying interim spousal support because the divorce was granted based on adultery. She further alleged that he violated the terms of the consent judgment that she would have exclusive use of the Domicile when he entered the Domicile when she was not present and removed items. She requested that the trial court hold Mr. Tidwell in contempt of court for failing and refusing to pay interim spousal support and for violating the terms of the consent judgment regarding use of the Domicile. ■
*536 On January 20, 2015, Mr. Tidwell filed a motion for the exclusive use of the Domicile and the Suburban. He noted that the divorce was- finalized on March 24, 2014, and that his interim spousal support obligation terminated on September 24, 2014. He stated that, since September 24, 2014, Ms. Tidwell had refused to pay the house and car notes even though she was living in the Domicile and had exclusive use of the Suburban. He further stated that he continued to pay those notes because his credit would be negatively affected if the debts were not paid. He contended that, due to IsMs. Tidwell’s refusal to pay the house and car notes, he should be granted exclusive use of the Domicile and the Suburban.
On February 3, 2015, Ms. Tidwell filed’a first supplemental and amended rule to show cause and for contempt. She acknowledged that a judgment of divorce based on adultery was filed on March 24, 2014, and that Mr. Tidwell stopped paying interim spousal support as of September 30, 2014. She noted that she filed a suspen-sive appeal of the divorce judgment on March 28, 2014, and that the court of appeal rendered judgment on , November 19,2014. She contended that the judgment of divorce did not become final until November 19, 2014, and, therefore, she was entitled to receive interim spousal support payments and that Mr. Tidwell was required to pay the house and car notes' until May 19, 2015, i.e., 180 days from November 19, 2014. .She argued that Mr. Tidwell was in arrears on the interim spousal support payments because he had not paid support from October 2014 to January 2015. She alleged that Mr. Tidwell entered the Domicile on. an additional occasion while she was not home. She reiterated her request, that the trial court hold Mr. Tidwell in contempt of court for failing and refusing to pay interim spousal support and for violating the terms of the consent judgment regarding use of the Domicile.
A conference before a hearing officer was held on December 2, 2015, who recommended in his report that Ms. Tidwell’s rule of final spousal support should be dismissed; Mr. Tidwell’s rule for exclusive use of the Suburban is moot and should be dismissed; Mr. Tidwell’s rule for exclusive use of the Domicile should be dismissed; Ms. Tidwell’s rule to have Mr. Tidwell ordered to pay interim spousal support through May 19, 2015, is moot and should be dismissed; Ms. Tidwell is entitled to past-due interim 1 ¿spousal support payments; Mr. Tidwell be held in contempt of court; Mr. Tidwell should pay at least $1,000 per month toward his arrears until paid in full; and Mr. Tidwell should pay attorney fees and court co.sts.
Both parties filed objections to the hearing officer’s conference report. Oh January 4, 2016, the trial court filed a temporary order, ordering that the hearing officer’s recommendations be -'made a temporary order of the court.-It stated that the recommendations as to the accrual of past dué support, the- finding of contempt, the punishment for contempt and the award of attorney fees were not made temporary orders of the court.
A hearing before the trial' court on the objections and related'issues was held on May-' 16, 2016. Counsel for Mr. Tidwell argued that the interim spousal support award should have terminated on March 24, 2014, i.e., the date the. divorce was granted. He pointed out that La. C.C. art. 113 refers to “the rendition of a judgment of divorce” and argued that this is .the date the, trial court granted .the judgment of divorce. He further argued .that Mr. Tid-well should receive a credit for the house note payments he made because he was not required to make those payments once the period for the interim spousal support *537 award ended. He also requested that Mr. Tidwell be awarded exclusive use of the Domicile. Counsel for Ms. Tidwell argued that the judgment of divorce was not a definitive judgment until the appeal process was completed and that the finality of the judgment is not retroactive to the date of the trial court’s judgment.
Mr. Tidwell testified that he paid interim spousal support through September 30, 2014, i.e., six months after the judgment of divorce. He stated that his attorney advised him to- discontinue paying the house note, but he continued to make the payments so as not to ruin his credit. He noted that |f,Ms. Tidwell refused to make any payments on the house note. He consented to Ms. Tidwell having exclusive use of the Domicile because it was his understanding that she would have that use only for six months after the divorce. He testified that he was requesting exclusive use of the Domicile because he was making the house note payments and because he wants his children to have a home again. He stated that he is better able to maintain the Domicile, noting that he is employed as an appraiser and knows how to make the Domicile more valuable should it have to be sold when partitioning the community property.
After taking the matter under advisement and requesting briefs from the parties, the trial court filed its reasons for judgment on July 12, 2016. It filed a judgment on rules on July 28, 2016. It determined that the termination date for the interim spousal support award owed from Mr. Tidwell to Ms. Tidwell was the date of the judgment of divorce based on adultery, i.e., March 24, 2014. It ordered that Mr. Tidwell be awarded credit for all interim spousal support payments, house note payments and car note payments made after March 24, 2014. It denied both parties’ motions for contempt of court, court costs and attorney fees. It ordered that Mr. Tidwell be awarded exclusive use and occupancy of the Domicile and ordered that each party bear his/her own costs.
On August 5, 2016, Ms. Tidwell filed a motion for new trial. She contended that the termination date for the interim spousal support award, the award of credit to Mr. Tidwell and the award of exclusive use of the Domicile to Mr; Tidwell were clearly contrary to the law and evidence. A hearing on the motion was held on October 25, 2016. She withdrew her motion for new trial as to the issue of the exclusive use of the Domicile |fibecause Mr. Tidwell took exclusive use of the Domicile in July 2016. On November 2, 2016, the trial court denied the motion.
Ms. Tidwell appeals the trial court’s July 12, 2016 reasons for judgment and July 28, 2016 judgment on rulés.
DISCUSSION

Termination Date of Interim Spousal Support Award

In her first assignment of error, Ms. Tidwell argues that the trial court erred by failing to terminate the award of interim spousal support on May 19, 2015, i.e., six months after the judgment of divorce became final. She contends that the judgment of divorce became final when the court of appeal affirmed the judgment of the trial court on November 19, 2014, not when the trial court granted the judgment on March 24, 2014. Citing La. C.C.P. art. 3942, she states that execution of a judgment of divorce is suspended while on appeal. Citing La. C.C. art. 113, she contends that the trial court should have extended the award for 180 days past the judgment of divorce because she had a pending claim for final spousal support in March 2014, She states that a judgment awarding or denying final spousal support *538 was not issued prior to the 180-day extension period, so the award should have terminated 180 days after the judgment of divorce became final.
Mr. Tidwell argues that the trial court correctly determined that the interim spousal support award terminated on the date of the judgment of divorce, i.e., March 24, 2014. Citing La. C.C. arts. Ill and 112, he notes that Ms. Tidwell’s adultery occurred prior to the filing date of the petition for divorce and was the cause of the dissolution of the marriage. He points out that her request for final spousal support was denied due to her fault. He contends that her argument that the award of interim spousal support should 17extend for 180 days from the court of appeal’s judgment would lead to absurd consequences and would promote frivolous appeals because it would allow a litigant to extend the period of interim spousal support by appealing the judgment. He emphasizes that La. C.C. art. 113 refers to the “rendition of the judgment of divorce,” not when the judgment is final, which, in this case, is March 24, 2014.
The trial court is vested with much discretion in determining awards of spousal support. Such determinations will not be disturbed absent a clear abuse of discretion. Lang v. Lang, 37,779 (La. App. 2 Cir. 10/23/03), 859 So.2d 256.
When the parties filed for divorce in 2013, La. C.C. art. 113 stated:[1]
Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce. If a claim for final spousal support is pending at the time of the rendition of the judgment of divorce, the interim spousal support award shall thereafter terminate upon rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.
The trial court may award final periodic support to any party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage. La. C.C. art. 111. Fault is a threshold issue in a claim for spousal support. King v. King, 48,881 (La. App. 2 Cir. 2/26/14), 136 So.3d 941. A spouse seeking final periodic spousal support must be | ¿without fault and the burden of proof is upon the claimant. Id. Fault continues to mean misconduct that rises to the level of one of the previously existing fault grounds for legal separation or divorce. La. C.C. art. Ill, Revision Comment (c) of 1997. Legal fault includes adultery. Lyons v. Lyons, 33,237 (La. App. 2 Cir. 10/10/00), 768 So.2d 853, writ denied, 00-3089 (La. 1/5/01), 778 So.2d 1142.
The trial court did not abuse its discretion when it determined that the interim spousal support award terminated on the date of the rendition of divorce, i.e., March 24, 2014. It granted the Tidwells’ divorce based upon its finding that Ms. Tidwell committed adultery. This finding of fault precluded Ms. Tidwell’s claim for final spousal support. Therefore, a petition for final spousal support was not pending at the time of the rendition of the judgment *539 of divorce. As stated in La. C.C. art. 113, the relevant date for termination of the award of interim spousal support is the “rendition of a judgment of divorce,” not the date the judgment becomes final.
Accordingly, this assignment of error lacks merit.

Credit for House and Car Note Payments

In her second assignment of error, Ms. Tidwell argues that the trial court erred in awarding Mr. Tidwell credit for house and car note payments and for spousal support payments made after March 24, 2014. She again argues that the interim spousal support award should have continued to May 2015; and, therefore, Mr. Tidwell should not have received credit for payments made between March 24, 2014, and May 2015.
Mr. Tidwell argues that the trial court correctly awarded him credit for overpayment of his spousal support obligation after the interim spousal support terminated on March 24, 2014. He notes that he was ordered to pay 19the house and car notes as part of the interim spousal support obligation and was entitled to a credit for overpayment of these notes.
In their joint stipulation and consent judgment, the Tidwells agreed that Mr. Tidwell would pay the house and car notes for the duration of the interim spousal support award period. As stated above, the trial court did not abuse its discretion when determining that the award of interim spousal support terminated on March 24, 2014. Therefore, it did not abuse its discretion when concluding that Mr. Tid-well is entitled to a credit for all interim spousal support payments, house note payments and car note payments made after March 24, 2014.
Accordingly, this assignment of error lacks merit.

Exclusive Use of the Domicile

In her third assignment of error, Ms. Tidwell argues that the trial court erred in awarding Mr. Tidwell the exclusive use of the Domicile. She contends that it was in the best interest of the family for her, as domiciliary parent, to have exclusive use of the Domicile. She notes that the trial court’s reasoning for awarding Mr. Tidwell exclusive use was the protection of the asset and his ability to repair and sell the Domicile. She contends that the trial court erred in valuing the asset over providing a stable environment for a child when awarding exclusive use to Mr. Tid-well.
Mr. Tidwell argues that the trial court correctly awarded him the exclusive use and occupancy of the Domicile and made a proper legal finding that he was in a better position to preserve the community asset by paying the monthly indebtedness, making necessary repairs and improvements and enhancing the value of the Domicile.
hnLa. R.S. 9:374(B) states:
When the family residence is community property or is owned by the spouses in indivisión, or the spouses own community movables or immovables, after or in conjunction with the filing of a petition for divorce or for separation of property in accordance with Civil Code Article 2374, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or im-movables pending partition of the property or further order of the court, whichever occurs first. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any com *540 munity movables or immovables to the spouse in accordance with the best interest of the family. If applicable, the court shall consider the granting of the occupancy of'the family residence and the use of community movables or immov-ables in awarding spousal support.
At the May 16, 2016 hearing, Mr. Tid-well testified that he. requested exclusive use of the Domicile to provide a comfortable home for their daughters. He noted that he was living in a cramped apartment with their adult daughter and that their minor daughter (of whom Ms. Tidwell was domiciliary parent) stayed there during his visitation periods. He contended that he was better able to maintain the Domicile than Ms. Tidwell, alleging that she did not maintain the exterior of the Domicile and let the water in the swimming pool turn black. He noted that h'e works as an appraiser and can make improvements to the Domicile to maximize its "value. He also noted that he continued to make the house note payments after the period of the interim spousal support award because Ms. Tidwell refused to make the payments.
In its reasons for judgment, the trial court stated that it awarded .Mr. Tidwell the exclusive'use of the Domicile because he is in a better position to preserve the asset and “make it ‘positively’ work for the |1T‘splintered family’s overall best interest.’ ” Its determination that Mr. Tidwell’s use and occupancy of. the Domicile is in the best interest of the family is supported by the record in this case. Mr. Tidwell’s testimony demonstrates that his occupancy of the Domicile will improve the living conditions of the daughters and will provide him an opportunity to better maintain the Domicile and enhance its value. Therefore, the trial court did not abuse its discretion in awarding Mr. Tidwell the exclusive use and occupancy of the Domicile.
Accordingly, this assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in favor of Defendant-Appellee Todd Michael Tidwell and against Plaintiff-Appellant Ashlee Tid-well. Costs of appeal are assessed to Ashlee Tidwell.
AFFIRMED.

. La. C.C. art. 113 was amended by 2014 La. Acts 316, § 1, and 2014 La. Acts 616, § 1.