437 So.2d 908 (1983)
Ora Faye Dark HOLLOWELL, Plaintiff-Appellee,
v.
Randall Harris HOLLOWELL, Defendant-Appellant.
No. 15515-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
*909 Burnett, Sutton, Walker & Callaway, P.C., by Glenn E. Walker, Shreveport, for defendant-appellant.
James A. Van Hook, Jr., P.C., Shreveport, for plaintiff-appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Defendant husband appealed an assertedly excessive alimony pendente lite judgment, contending that the effect of the contested decree is to: provide the plaintiff wife with a higher standard of living than she enjoyed during the marriage; require defendant to support plaintiff's two minor children by a prior marriage; leave defendant with a monthly income inadequate to meet his own minimal needs.
Plaintiff wife answered the appeal, requesting an increase in the alimony pendente lite award.
Randall Hollowell and Ora Hollowell were married in July 1977 and physically separated in November 1982. No children were born of the marriage. Mrs. Hollowell's two minor children by a previous marriage resided with the couple.
In December 1982 Mrs. Hollowell sued her husband for a legal separation and, in connection therewith, sought alimony pendente lite. A hearing on the latter demand was held on December 21, 1982.
At the described trial, evidence was adduced that Mrs. Hollowell was employed at two part-time jobs from which she received a net monthly income of $600. Her detailed monthly expenses [purportedly excluding any attributable to her 12 and 14 year old children] amounted to $1500. It was further shown that Randall Hollowell was employed as a shop foreman in a family-owned sheet metal business, earning a net monthly salary of about $1680. His itemized monthly expenses came to $1418.50.
At the conclusion of the hearing the trial court awarded Mrs. Hollowell $840 per month alimony pendente lite, payable in four equal installments. The judgment, signed on January 12, 1983, also contained this additional provision:
"[i]n the event that the said RANDALL HARRIS HOLLOWELL pays the monthly installment on the promissory note representing a part of the purchase price of the premises at 9390 Garfield Drive, Shreveport, Louisiana, he shall have the right to deduct one-half (½) of that said installment from the amount of alimony payable by him, ORA FAYE HOLLOWELL shall be entitled to reimbursement for all such amounts as may be deducted as aforesaid, and such reimbursements, if not made sooner, shall be made upon the sale of the said premises at 9390 Garfield Drive, Shreveport, Louisiana, and from the proceeds of said sale."
According to the record, the monthly house note was $445.00.
If a claimant spouse does not have sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow a sum for support proportioned to the needs of the claimant spouse and the means of the other spouse. La.Civil Code Article 148.
As we have explained, the purpose of alimony pendente lite is to provide temporarily and pending litigation for the spouse who does not have sufficient income for his or her maintenance. The term "maintenance" means the style or manner of living enjoyed by the spouse while they resided together. The award is ordinarily determined initially by summary proceedings within a few days after litigation is *910 instituted and, if granted, is usually effective from the date suit is filed. Alimony pendente lite is, in essence, designed to maintain the status quo insofar as the economic circumstances of the marriage are concerned. It relates to facts as they existed during the time the parties were living together and as they actually exist at the time the litigation commences, not to future possibilities and capabilities. Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2d Cir. 1980).
We note here that the monthly alimony pendente lite award made by the trial judge is exactly one-half of the defendant husband's monthly income, leaving him the other half of $840 to meet his needs. On the other hand, by adding the award of $840 to her net monthly income of $600, Mrs. Hollowell will receive $1440 per month.
Further, in examining Mrs. Hollowell's itemized list of monthly expenses, it appears that a portion of these are apparently attributable to her children by the previous marriageparticularly the housing and food items. Appellant, of course, is not responsible for the support of these children.
Appellant's complaint that the alimony pendente lite award, under these circumstances, is excessive, and that the trial court abused its broad discretion, is valid for the reasons explained.
After reviewing the record evidence concerning the "maintenance" needs of the claimant spouse and the means of the defendant husband, we conclude that $600 per month is an appropriate alimony pendente lite award. Accordingly, the judgment of the district court is amended to reduce the monthly alimony pendente lite award from $840 to $600 [effective with the date of finality of this judgment] and, as amended, is affirmed, with cost of appeal assessed to appellee.