779 So.2d 822 (2000)
Gardner N. CLARK, Plaintiff-Appellee,
v.
Elaine Bushnell CLARK, Defendant-Appellant.
No. 34,314-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
Writ Denied January 12, 2001.
*823 Dianne Hill, Monroe, Counsel for Appellant.
Michael W. Kelly, Providence, Counsel for Appellee.
Before WILLIAMS, GASKINS & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from the incidental matters of child support and interim spousal support associated with the divorce of Gardner and Elaine Clark. The parties were married April 11, 1972, and established their matrimonial domicile in Grambling, Louisiana, in 1974. Two children *824 were born of the marriage, Jaron, age 27 and Joia, age 15.
On May 12, 1999, Gardner filed a petition for divorce under La. C.C. art. 102 and on June 14, 1999, Elaine filed a reconventional demand for $950 per month in child support and $1,500 per month in interim spousal support. On July 30, 1999, Gardner filed a rule for custody.
At the trial on the merits on December 17, 1999, the parties stipulated that Gardner's monthly net income was $6,000. The trial court found that Elaine was voluntarily unemployed and, based on her previous earnings, imputed a monthly net income of $2,450 to her in the child support calculation. Joint custody of Joia was awarded to Elaine and Gardner with Elaine being designated the domiciliary parent. Gardner was ordered to pay Elaine $693.73 in monthly child support and Elaine's demand for interim spousal support was denied. Elaine appeals the denial of interim spousal support, the amount of the award of monthly child support, asserting that she was not voluntarily unemployed and, alternatively, that the sum imputed to her as potential income was inappropriately high. For the reasons stated herein, we affirm.

DISCUSSION

Child Support
Pursuant to La. R.S. 9:315.9, if a party is voluntarily unemployed, child support shall be calculated based on a determination of that party's income earning potential, unless the party is physically or mentally incapacitated or is caring for a child of the parties under the age of five years. (Emphasis ours.) Elaine does not suffer from any physical or mental infirmities which would prevent her from seeking employment, nor is Joia a child under the age of five.
At trial, Elaine testified about her education and her employment history during the five years prior to the institution of this divorce proceeding. She has a bachelors degree with a major in home economics and a masters degree with a major in guidance and counseling. She has taught high school on and off over the past several years in both South and North Louisiana.[1]
In 1995, Elaine was employed in Allen Parish as a special education teacher with the Allen Parish School System. Although Elaine does not hold a certification in the area of special education, she testified that a teacher may teach in an uncertified area for one year. During that year, the teacher must obtain certification in that area, or at least begin the process. If certification is not obtained, the teacher's contract for that position cannot be renewed.
Elaine stated that she took the position in Allen Parish as a stop-gap measure until she could find a position in her preferred area of certification, guidance counseling. In August 1997, Elaine took a temporary position as a guidance counselor with the Calcasieu Parish School System. The position was potentially temporary because she was filling in for an employee who had taken a leave of absence and was unsure of her return. The employee did return and on August 30, 1998, Elaine was replaced by that employee in that position. Elaine was offered a position in special education with the Calcasieu Parish School System, but declined to take the position because she was not certified in that area, choosing, instead, to draw unemployment.[2]
During the time that Elaine was unemployed, she was offered another job in the area of special education with the Bienville Parish School System, which she rejected. Elaine testified that the position dealt with *825 students that had discipline problems as well as being special education students. She further stated that the principal of the school who offered her the job encouraged her not to take it because of the discipline element involved.
Elaine was also offered a job in Ruston with the Lincoln Parish School System as a home economics teacher while she was unemployed. Elaine also rejected that job, despite its proximity to Grambling and the fact that it was in an area in which she was certified. She stated that her reason for rejecting the job was because it was not her desired area of education and it had been possibly ten years since she had taught home economics.
In August 1999, Elaine was offered another job as a guidance counselor in the Calcasieu Parish School System, which she accepted. She and Joia moved to Lake Charles, but six weeks into the semester, they returned to Grambling because Joia did not adjust well to living in Calcasieu Parish due to personal problems in school. Gardner offered to let Joia return to Grambling and live with him, but Elaine chose to return with her.
In his oral reasons for judgment, the trial judge stated that, based on the testimony adduced, it was his conclusion that Elaine was voluntarily unemployed and that her potential earning capacity was $2,450 per month based on the income of $2,478 per month from her prior employment with the Calcasieu Parish School System. The trial judge also considered the fact that Elaine earned $9,323 during the four and one-half months she was employed in 1996 and that, in 1997, she earned $26,115 for the year.
Voluntary underemployment is a question of good faith of the obligor spouse. Gould v. Gould, 28,996 (La. App.2d Cir.1/24/97), 687 So.2d 685; Hutto v. Kneipp, 627 So.2d 802 (La.App. 2d Cir.1993). The trial court has wide discretion in determining the credibility of witnesses. A determination by the trial court of whether the obligor spouse is in good faith in ending or reducing his/her income is a factual determination which will not be disturbed on appeal absent an abuse of the wide discretion of the trial court. Gould, supra; McHale v. McHale, 612 So.2d 969 (La.App. 2d Cir.1993).
On this record, we do not find that the trial court abused its discretion in determining that Elaine was voluntarily unemployed. She testified that she was not prohibited in any manner, other than choice, from accepting any of the positions which were offered to her during her term of unemployment. By her own testimony, she is quite capable of securing gainful employment.
In the alternative, Elaine argues that the sum of $2,450 per month, which is attributed to her as potential income for purposes of the child support calculation, is abusively high. She asserts that the jobs in which she was able to earn such an income were those in South Louisiana, not North Louisiana. Although this may in fact be correct, we find no merit in that argument. Elaine has never shown a hesitation to work in South Louisiana, making the potential income available to her. We find, therefore, that the trial court did not err in finding that Elaine was voluntarily unemployed or in imputing the sum of $2,450 per month as potential income to her in the child support calculation.

Interim Spousal Support
A spouse may be awarded an interim periodic allowance based on the needs of that spouse, the ability of the other spouse to pay and the standard of living of the spouses during the marriage. La. C.C. art. 113. In order to demonstrate need for interim periodic spousal support, Elaine has the burden of proving that she lacks sufficient income, or the ability to earn a sufficient income, to maintain the standard of living that she enjoyed while residing with Gardner during their marriage. Thomey v. Thomey, 33,000 (La. *826 App.2d Cir.4/7/00), 756 So.2d 698; Hollowell v. Hollowell, 437 So.2d 908 (La.App. 2d Cir.1983); Pellerin v. Pellerin, 97-2085 (La.App. 4th Cir.6/17/98), 715 So.2d 617, writ denied, 98-1940 (La.10/30/98), 727 So.2d 1167.
The trial court is vested with much discretion in determining an award of interim spousal support. Such a determination will not be disturbed absent a clear abuse of discretion. Thomey, supra; McDermott v. McDermott, 32,014 (La. App.2d Cir.6/16/99), 741 So.2d 186; Broussard v. Broussard, 532 So.2d 281 (La.App. 3d Cir.1988).
The trial court determined that Elaine did not prove that she was in need as required by La. C.C. art. 113. On this record, we cannot say that the trial court abused its discretion in so finding. As discussed above, Elaine demonstrated a potential to earn an income well above the amount of $1,500 which she has demanded in interim spousal support. Further, the evidence shows that Elaine has been given use of one of the family vehicles and use of community property for housing, all without any financial obligation on her part.

CONCLUSION
For the reasons stated herein, the judgment of the trial court is affirmed. Costs are assessed to Elaine Bushnell Clark.
AFFIRMED.
NOTES
[1] Elaine's parents and sister reside in South Louisiana.
[2] Elaine testified that she was able to draw unemployment benefits because the Calcasieu Parish School System was not able to offer her a position in her area of certification and she lost the previous position through no fault of her own.