873 So.2d 882 (2004)
Mace HITCHENS, Plaintiff-Appellant,
v.
Tami HITCHENS, Defendant-Appellee.
No. 38,339-CA.
Court of Appeal of Louisiana, Second Circuit.
May 12, 2004.
*883 Tommy J. Johnson, Shreveport, for Appellant.
Gary A. Bowers, for Appellee.
Before WILLIAMS, PEATROSS and DREW, JJ.
WILLIAMS, J.
The plaintiff, Emil Mace Hitchens, appeals a trial court judgment in favor of the defendant, Tami Diane Denzy Hitchens, awarding defendant interim spousal support of $2,988 per month. For the following reasons, we amend the judgment of the trial court and affirm as amended.

FACTS
Emil Mace Hitchens ("Mace") and Tami Denzy Hitchens ("Tami") were married on *884 December 16, 2000, and established their matrimonial domicile in Caddo Parish. Tami has a daughter from a previous marriage, who is now fourteen years old. No children were born of the marriage. On March 5, 2003, Mace filed a petition for divorce under LSA-C.C. art. 102. On May 28, 2003, Tami filed an answer, reconventional demand and rule to determine incidental matters, including interim spousal support.
At the time of trial, all issues between the parties had been resolved except the issue of interim spousal support. The trial court was faced with the issue of whether to consider Tami's earning capacity in assessing interim spousal support. After reviewing the submissions by counsel and hearing arguments, the trial court awarded Tami interim spousal support in the amount of $2,988[1] per month, retroactive to the date of demand. This award was subject to a credit in favor of Mace for payments he previously had made to Tami in the amount of $462 for twenty-six weeks after their physical separation. The trial court also ordered Mace to maintain medical insurance coverage for Tami until the final judgment of divorce. Mace appeals the judgment.

DISCUSSION
Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that spouse, the ability of the other party to pay and the standard of living of the parties during the marriage. LSA-C.C. art. 113.
The purpose of interim spousal support is to maintain the status quo without unnecessary economic dislocation until a final determination of support can be made and until a period of time of adjustment elapses that does not exceed, as a general rule, 180 days after the judgment of divorce. Defatta v. Defatta, 32,636, 32, 637 (La.App.2d Cir.2/1/00), 750 So.2d 503;
Reeves v. Reeves, 36,259 (La.App.2d Cir.7/24/02), 823 So.2d 1023. A spouse's right to claim interim periodic support is based on the statutorily-imposed duty of the spouses to support each other during their marriage. McAlpine v. McAlpine, 94-1594 (La.09/05/96), 679 So.2d 85.
The needs of the wife have been defined as the total amount sufficient to maintain her in a standard of living comparable to that enjoyed by her prior to the separation, limited only by the husband's ability to pay. Whatley v. Whatley, 430 So.2d 129 (La.App. 2d Cir.1983); Braswell v. Braswell, 494 So.2d 1333 (La.App. 2d Cir.1986). In order to demonstrate the need for interim periodic spousal support, the claimant has the burden of proving that he or she lacks sufficient income, or the ability to earn a sufficient income, to maintain the standard of living that he or she enjoyed during the parties' marriage. Clark v. Clark, 34,314 (La.App.2d Cir.11/1/00), 779 So.2d 822; Thomey v. Thomey, 33,000 (La.App.2d Cir.4/7/00), 756 So.2d 698; Hollowell v. Hollowell, 437 So.2d 908 (La.App. 2d Cir.1983).
The trial court is vested with much discretion in determining an award of interim spousal support. Such a determination will not be disturbed absent a clear abuse of that discretion. Clark v. Clark, supra; Thomey v. Thomey, supra. Encompassed in the trial court's discretion is the ability of the court to examine the spouses' entire financial condition, which is *885 not limited to income, but also includes any resource from which his or her needs can be supplied, including a spouse's earning capacity. Bagwell v. Bagwell, 35,728 (La. App.2d Cir.3/8/02), 812 So.2d 854, citing, Smoloski v. Smoloski, 01-0485 (La.App. 3d Cir.10/03/01), 799 So.2d 599; Goldberg v. Goldberg, 96-2145 (La.App. 4th Cir.07/23/97), 698 So.2d 63.
In his assignments of error numbers one and two, the plaintiff makes the same argument, therefore we will review them jointly. In his first assignment of error, Mace contends the trial court erred when it failed to consider Tami's need in awarding interim support. Alternatively, by assignment of error number two, he argues that the trial court committed manifest error in failing to consider Tami's earning capacity in determining the amount of interim spousal support to which she was entitled. Mace argues that the trial court should have subtracted Tami's earning capacity of $1503.06 from her total monthly expenses of $2,977.11.
The trial court considered the factors required by LSA-C.C. art. 113, governing interim spousal support. In its "Reasons for Judgment," the trial court considered Tami's expenses, the ability of Mace to pay and the parties' standard of living during the marriage. The court considered the financial condition of both spouses and discussed Tami's earning capacity. The court noted that in 2002 Mace earned $118,643.08 and Tami earned $10,422.63. The court also noted that from January 1, 2003 through June 8, 2003, Mace had worked 1,387.1 hours and grossed $70,591.03, for an average rate of $51.00 per hour. In determining the amount of interim periodic spousal support to be awarded to Tami, the trial court computed seventy-five percent of Tami's average monthly wage for the period of February 1998 to May 2002, when she stopped working. The court found that Tami's average monthly wage for that period was $2,004.08, and that seventy-five percent of her monthly wages amounted to $1,503.06. The court explained that it was considering seventy-five percent of Tami's earning capacity because she had terminated her employment "with the acquiescence of her husband" and she must have "some reasonable time to ... reach her previous earning capacity."[2]
The trial court accepted into evidence Mace's June 12, 2003 "Statement of Earnings and Deductions." From that document, the trial court calculated Mace's monthly net income as $7,479.46. The court next subtracted the figure it had reached as Tami's reasonable monthly earning capacity from Mace's monthly net income and arrived at the amount of $5,976.40. The court then divided this amount by one-half to arrive at a figure of $2,988.20. The trial court noted in its "Reasons for Judgment" that the Hitchens enjoyed "a substantial standard of living, albeit the marriage was of short duration." The court then awarded Tami $2,988 per month in interim spousal support.
After a thorough review of this record, we conclude that the trial court properly considered both Tami's earning capacity and her needs or expenses in arriving at the award for interim spousal support. We find no abuse of the trial court's discretion here. These assignments are without merit.
Mace also contends that the trial court erred in ordering him to maintain medical insurance coverage for Tami through his employer until the divorce, while at the same time considering the *886 $307.55 medical insurance cost as one of her monthly expenses. We find that this assignment of error has merit. While we do not find that the court abused its discretion in ordering Mace to maintain medical insurance for Tami, we find that it erred in including the $307.55 cost for medical insurance as one of her monthly expenses. Therefore, we shall amend the judgment to reduce the interim spousal support awarded to Tami to the sum of $2,681. This amount reflects a deduction for the cost of medical insurance ordered to be maintained by Mace.

CONCLUSION
For the foregoing reasons, the trial court's judgment is amended to reduce the interim spousal support awarded to Tami Hitchens from $2,988 to $2,681 per month. In all other respects, the trial court's judgment is affirmed. Costs of this appeal are assessed one-half to Emil Mace Hitchens and one-half to Tami Diane Denzy Hitchens.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] In its "Written Reasons for Judgment," the trial court calculated the interim spousal support as $2,988.20; however, the final judgment awarded Tami $2,988 for interim spousal support.
[2] The record supports the trial court's finding that Tami had terminated her employment to travel with Mace.