948 So.2d 390 (2007)
Nancy J. KIRKPATRICK, Plaintiff-Appellant,
v.
Steven Wayne KIRKPATRICK, Defendant-Appellee.
No. 41,851-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 2007.
*392 Sockrider, Bolin, Anglin & Batte, by H.F. Sockrider, Jr., Shreveport, for Appellant.
Blackman Law Firm, by Gordon N. Blackman, Jr., A. Richard Snell, for Appellee.
Before BROWN, MOORE & SEXTON (Pro Tempore), JJ.
SEXTON, J.
This incidental action in divorce proceedings involves challenges to the trial court's awards of interim spousal support and child support following the parties' separation. For the reasons stated herein, the judgment of the trial court is affirmed.

FACTS
Steven and Nancy Kirkpatrick were married on May 29, 1986, in Fort Worth, Texas, and resided in Bossier City. Steven is a colonel in the Air Force. Nancy received her masters in counseling and was licensed as a professional counselor during the marriage. She subsequently established a practice in Shreveport, with varying levels of effort and success. After the marriage, on March 15, 1998, the parties signed a "Declaration of Intent" pursuant to La. R.S. 9:275.1 creating a covenant marriage.
In February 2004, Steven was assigned to Carswell Air Force Base in Fort Worth. Nancy would not relocate, so the couple maintained the marriage by commuting. After learning of a coming transfer to Florida and that Nancy would not relocate there, Steven filed for divorce in Tarrant County, Texas, on November 23, 2005, alleging physical separation from October 17, 2005. The Texas court declined jurisdiction. On January 23, 2006, Steven was transferred to Patrick Air Force Base in Cocoa Beach, Florida, and, on that date, Nancy filed a rule in Bossier Parish for child custody, child support, spousal support (interim and final) and termination and partition of the community property regime. One minor child, who was 17 years old at the time of the hearing and is to graduate from high school in May 2007, lives with Nancy. Another child has reached majority.
A hearing was held on the matters of child support and interim spousal support at which both parties testified regarding their respective incomes and expenses. Testimony was also adduced regarding Nancy's work history during the marriage. After the hearing, the parties submitted various calculations to the trial judge for child support and interim spousal support. Germane to this appeal are Steven's income, both parties' expenses and the income, if any, to be attributed to Nancy. Nancy's highest earning year during the marriage yielded approximately $20,000 by providing counseling services to clients.

TRIAL COURT RULING
The trial judge held that Nancy was voluntarily underemployed and imputed to her $2,000 per month income from the date *393 of judicial demand (1/23/06) for six months, then $3,000 per month thereafter. Steven's income was set at $12,500 per month. Based on those figures, the judge set spousal support at $5,000 per month for the first six months and $4,000 per month thereafter, pending further hearings involved with terminating the covenant marriage. Child support was established at $1,217.26 for the first six months and $1,196.08 per month thereafter. Nancy was awarded occupancy of the house and was ordered to pay the first and second mortgages in addition to the note on the Cadillac Escalade she is driving. Steven was awarded use of the Suburban.

DISCUSSION
Nancy appeals, challenging the trial court's imputation of income to her, the amount of income attributed to Steven, the trial court's failure to consider Steven's food and housing allowance as income and, generally, arguing that the child support and interim spousal support awards are abusively low. Steven answered the appeal, arguing that the trial court imputed too little income to Nancy and too much income to him for purposes of both child support and interim spousal support.

Applicable legal principlesInterim Spousal Support
A spouse may be awarded an interim periodic allowance based on the needs of that spouse, the ability of the other spouse to pay and the standard of living of the spouses during the marriage. La. C.C. art. 113. The purpose of interim spousal support is to maintain the status quo without unnecessary economic dislocation until a final determination of support can be made and until a period of time of adjustment elapses that does not exceed, as a general rule, 180 days after the judgment of divorce. Hitchens v. Hitchens, 38,339 (La.App.2d Cir.5/12/04), 873 So.2d 882, citing Defatta v. Defatta, 32,636, 32,637 (La.App.2d Cir.2/1/00), 750 So.2d 503, and Reeves v. Reeves, 36,259 (La.App.2d Cir.7/24/02), 823 So.2d 1023. A spouse's right to claim interim periodic support is based on the statutorily-imposed duty of the spouses to support each other during their marriage. Id., citing McAlpine v. McAlpine, 94-1594 (La.9/5/96), 679 So.2d 85. The needs of the wife have been defined as the total amount sufficient to maintain her in a standard of living comparable to that enjoyed by her prior to the separation, limited only by the husband's ability to pay. Hitchens, supra.
In order to demonstrate need for interim periodic spousal support, the claiming spouse has the burden of proving that he or she lacks sufficient income, or the ability to earn a sufficient income, to maintain the standard of living that he or she enjoyed during the marriage. Clark v. Clark, 34,314 (La.App.2d Cir.11/1/00), 779 So.2d 822, writ denied, 00-3196 (La.1/12/01) 781 So.2d 563, citing Thomey v. Thomey, 33,000 (La.App.2d Cir.4/7/00), 756 So.2d 698; Hollowell v. Hollowell, 437 So.2d 908 (La.App. 2d Cir.1983); Pellerin v. Pellerin, 97-2085 (La.App. 4th Cir.6/17/98), 715 So.2d 617, writ denied, 98-1940 (La.10/30/98), 727 So.2d 1167.
The trial court is vested with much discretion in determining an award of interim spousal support. Such a determination will not be disturbed absent a clear abuse of discretion. Clark, supra, citing Thomey, supra; McDermott v. McDermott, 32,014 (La.App.2d Cir.6/16/99), 741 So.2d 186; Broussard v. Broussard, 532 So.2d 281 (La.App. 3d Cir.1988).

Income attributed to NancyInterim Spousal Support
The primary issue on appeal concerns the trial court's finding that Nancy was *394 voluntarily underemployed and its imputation of income to Nancy for purposes of both the interim spousal and child support calculations. We will first address the imputation of income for interim spousal support calculations. As stated, the standard of review in interim spousal support awards is the manifest error standard. Nancy, however, argues for de novo review, urging that, under Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2d Cir. 1980), it was legal error for the trial court to consider her earning capacity in computing the awards. Steven submits that later cases from this court have acknowledged that, even under Arrendell, there are circumstances where it is proper to consider the claiming spouse's earning capacity and that the trial court in this case did not abuse its discretion by doing so. We agree.
In Arrendell, supra, the claimant spouse appealed an award of alimony pendente lite (now interim spousal support) arguing that the lower court erred in considering her earning capacity in computing the award. This court agreed, but limited its holding to the specific facts of the case, namely that the claimant spouse had no income at the time of trial and had not worked at all for three years prior to the parties' separation and had not been regularly employed during the entire 25-year marriage. In limiting the holding, this court recognized that earning capacity might be an appropriate and proper consideration in some instances. In Arrendell, this court suggested that consideration of earning capacity of the claimant spouse would be appropriate when neither spouse was employed or where the claimant spouse was employed, but is unemployed at the time of the trial and has the capability of securing immediate employment. We decline to hold that this list is exclusive and rigid, especially in light of the structure of today's households, where two incomes per family is common and where both men and women are prospering in the workplace. In this regard, we note that, in later cases, this court has recognized that, in appropriate circumstances, considering the earning capacity of the claiming spouse is proper. See Hitchens, supra; Clark, supra.
In the case sub judice, it is not disputed that Nancy worked for and received her degree in counseling during the marriage and is a licensed professional counselor. It is also not disputed that Nancy set up a practice in Shreveport, sharing office space with another counselor, and saw clients throughout the marriage, albeit on a sporadic and inconsistent basis. Steven testified that Nancy advertises on a website on the internet and has business cards, but he acknowledges that she did not earn steady income and put little effort into building her practice.
Nancy testified that she does have a masters degree in counseling and an office, but that she has not counseled patients since 1994 or 1995. She argues that she and Steven had an agreement that she needed to stay home and care for the children while he was deployed. Despite this, Nancy testified that she would have clients from time to time, but nothing consistent. She further testified that she viewed her counseling as a ministry and that she planned to continue her counseling work, even if on a volunteer basis. Nancy denied having a website or business cards.
After hearing and weighing the credibility of the testimony, the trial judge found Nancy to be voluntarily underemployed. On this record, we find no abuse of discretion in the trial court's conclusion; and, accordingly, we find that the trial court acted within its discretion in considering *395 Nancy's earning capacity in calculating the award of interim spousal support.
Significantly, Nancy testified that she had worked for a hospital in a non-counseling position and that she may be able to secure that type of job again. While it does not pay as much as she would earn after having established a private counseling practice, we conclude that Nancy is able to immediately secure employment and enter the workforce in some capacity. In this regard, we note that the amount of income imputed to her was low and not representative of the earning potential she will enjoy after completing her continuing education requirements and focusing her efforts on building her practice.
Encompassed in the trial court's discretion is the ability of the court to examine the spouses' entire financial condition, which is not limited to income, but also includes any resource from which his or her needs can be supplied, including a spouse's earning capacity. Hitchens, supra, citing Bagwell v. Bagwell, 35,728 (La. App.2d. Cir.3/8/02), 812 So.2d 854. See also Smoloski v. Smoloski, 01-0485 (La. App. 3d Cir.10/3/01), 799 So.2d 599; Goldberg v. Goldberg, 96-2145 (La.App. 4th Cir.7/23/97), 698 So.2d 63. As such, we find no abuse of discretion and defer to the trial court's discretion in setting the amount of income in this case.

Income attributed to NancyChild Support
La. C.C. art. 227 provides that parents, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children. The obligation to support their children is conjoint upon the parents and each must contribute in proportion to his or her resources. Bagwell, supra, citing Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762; Hogan v. Hogan, 549 So.2d 267 (La. 1989); Harper v. Harper, 33,452 (La. App.2d Cir.6/21/00), 764 So.2d 1186. The overriding factor in determining the amount of support is the best interest of the children. Bagwell, supra, citing State v. Baxter, 33,188 (La.App.2d Cir.5/10/00), 759 So.2d 1079.
The Louisiana Child Support Guidelines set forth the method for implementation of the parental obligation to pay child support. La. R.S. 9:315, et seq.; Bagwell, supra; Stogner, supra; State in the Interest of Travers v. Travers, 28,022 (La.App.2d Cir.12/6/95), 665 So.2d 625. The guidelines are intended to fairly apportion between the parents the mutual financial obligation they owe their children in an efficient, consistent and adequate manner. Bagwell, supra. Child support is to be granted in proportion to the needs of the children and the ability of the parents to provide support. La. C.C. art. 141. An appellate court is not to disturb the trial court's factual findings absent an abuse of its discretion or manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989); Bagwell, supra.
Under La. R.S. 9:315.9, if a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of that party's income earning potential, unless the party is physically or mentally incapacitated or is caring for a child of the parties under the age of five years. The court shall consider a party's earning capacity in light of all of the circumstances. Bagwell, supra.
For the reasons set forth above, we find no manifest error in the trial court's determination that Nancy is voluntarily underemployed and is capable of finding employment. Whether she chooses to seek full-time employment or not, Nancy is responsible for her share of the child support. The trial court did not abuse its discretion in attributing income to Nancy for purposes *396 of the child support calculation. See Bagwell, supra.

Income attributed to Steven and Expenses
Nancy points out that Steven is both a civilian and reservist, with salaries for each. According to Nancy, Steven's gross income should include his GS-14 civilian salary of $109,720, military salary of $38,887.38, weekend drill pay of $1,200 and Active Duty pay of $4,000 for a total gross yearly income of $153,807.38, which equals a gross monthly income of $12,817.28, only slightly higher than the figure of $12,500 used by the trial court. Nancy further emphasizes that, effective April 2006, Steven's civilian pay was to increase by $3,000 per year to make his monthly gross income $13,067.28 per month. Steven testified that $3,000 was an estimate of the pending increase; however, he would not know the actual amount until he receives his first paycheck at the increased salary.
Nancy also submits that Steven receives allowances for housing and food that should be considered as gross income for child support and spousal support. The record, however, contains no documentary evidence to establish that Steven receives these allowances as non-taxable income separate from his salary. Steven testified that all of his benefits in this regard are "imbedded" in his paycheck.
The figure accepted and utilized by the court for Steven's gross salary, $12,500 per month, includes his civilian and military salaries and is the figure submitted to the trial court by Nancy. There is nothing in the record that the adoption of this figure is manifestly erroneous as a representation of Steven's current income at the time of the hearing in this matter. We note that a rule for modification is available to Nancy should Steven's income increase or other material circumstances change.
Finally, Nancy argues that the awards do not adequately reflect her expenses as she submitted them ($8,137.84 per month) and she submits that Steven's listed expenses are not accurate. As previously discussed, we find no error in the imputation of income in the amounts set forth by the trial court and we find no manifest error in the court's adoption of $12,500 per month as Steven's income. Further, the trial court heard and weighed the testimony of the parties' expenses and reviewed documentary evidence of the same. While we do not have the trial court's actual calculations, our review of the figures reveals no abuse of discretion in the final awards. We agree with Steven that favorable figures were used for Nancy; and, mindful that a trial court is vested with great discretion in fashioning such awards, after reviewing the testimony and documents adduced in this case, we further conclude that the trial court acted within its discretion in fashioning both the interim spousal support and child support awards.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to the Appellant.
AFFIRMED.