WILLIAMS, J.
12In this child support dispute, the mother, Amber D’Laine Durfee, appeals a trial court judgment ordering her to pay child support to the father, Scott Richard Dur-fee, in the amount of $418.58 per month. For the following reasons, we affirm.
FACTS
Scott Richard Durfee and Amber D’Laine Durfee were married in Bossier Parish in 1996. They had two children, Hayden, born February 13, 2001, and Makenzie, born September 5, 2002. The parties separated in February 2004 and were divorced in November 2004. In September 2004, the trial court entered a judgment granting the parties joint custody of the children and ordering Mr. Durfee to pay $500 per month for child support. In May 2006, the trial court rendered a judgment reducing the amount of |schild support to $158 per month. On February 12, 2007, a consent judgment was rendered, granting Mr. Durfee sole custody of the children, and terminating his obligation to pay child support. The judgment included a clause which stated, “[Njeither party will pay child support to the other.” [1]
On June 25, 2008, Mr. Durfee filed a rule nisi, alleging, inter alia, that “no child support was established in this matter.” Mr. Durfee prayed that there be a judgment in his favor “awarding child support in a reasonable amount.” Ms. Durfee filed an exception of no cause of action, arguing that the February 2007 judgment provided that neither party would pay child support; therefore, in order to justify “an increase” in child support, Mr. Durfee was required to show a material change in circumstances. In response, Mr. Durfee filed a “first supplemental and amended rule,” alleging as follows:
[W]hen the Judgment of February 12, 2007 was rendered, plaintiff and his current wife were both employed, and there was no child support established in this matter for plaintiffs and defendant’s minor children. Plaintiff in rule further shows that his current wife is now staying home with the minor children and is no longer employed; plaintiff desires that this Honorable Court establish child support in an amount to be paid by the defendant for the care and support of plaintiffs and defendant’s minor children.
|4A hearing on the exception and rule was conducted on August 6, 2008. During the hearing, Ms. Durfee argued that Mr. Durfee’s current wife’s decision not to work constituted a “voluntary” change in circumstances; therefore, Ms. Durfee’s obligation to pay child support remained at $0, pursuant to the February 2007 consent judgment. After hearing testimony from Mr. Durfee, the trial court overruled the exception of no cause of action, finding that Mr. Durfee was entitled to request child support. The court also found that Mr. Durfee had met his burden of proving a change in circumstances and that it was in the children’s best interest for Ms. Dur- *296 fee to pay child support. The court ordered Ms. Durfee to pay monthly child support to Mr. Durfee in the amount of $473.21[2]
Ms. Durfee appealed. This court vacated the February 12, 2007 consent judgment, which provided that neither party would owe child support to the other. This court found that the consent judgment was “against public policy and, thus, void.” This court also found that the trial court erred in finding that Mr. Durfee proved a material change in circumstances due to his current wife’s decision to quit her job. This court remanded this matter “for recalculation of child support.” Durfee v. Durfee, 44,281 (La.App.2d Cir.5/13/09), 12 So.3d 984, 989 (“Durfee I”).[3] Ms. Durfee’s application |fifor rehearing was denied on June 18, 2009. This court also denied Ms. Durfee’s “request for clarifying instructions” on February 4, 2010.
During a hearing held on February 8, 2010, the trial court heard arguments from counsel for both parties and reviewed the financial information which had been submitted by the parties. The court recalculated the child support award and ordered Ms. Durfee to pay child support to Mr. Durfee in the amount of $418.58 per month, retroactive to June 25, 2008, the date the original rule to establish support was filed. Ms. Durfee appeals.
DISCUSSION
Ms. Durfee contends the trial court failed to require Mr. Durfee to prove a material change in circumstances. In essence, she argues that since Mr. Durfee did not prove a change in circumstances, her child support obligation should remain $0, based upon the prior consent judgment.
Mr. Durfee contends he was not required to show a change in circumstances. He argues that he did not file a rule to modify child support; he filed a rule to establish support. He also argues that because the consent judgment was found to be null and void, there was no valid child support order in effect to modify.
|nLSA-C.C. art. 227 provides that parents, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children. The obligation to support their children is conjoint upon the parents, and each must contribute in proportion to his or her resources. Cory v. Cory, 43,447 (La.App.2d Cir.8/13/08), 989 So.2d 855; Kirkpatrick v. Kirkpatrick, 41,851 (La.App.2d Cir.1/24/07), 948 So.2d 390. The overriding factor in determining the amount of support is the best interest of the children. Id. The party without legal custody, or nondomiciliary party, shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party. LSA-R.S. 9:315.8(D); Earle v. Earle, 43,925 (La.App.2d Cir.12/3/08), 998 So.2d 828, writ denied, 2009-0117 (La.2/13/09), 999 So.2d 1151.
LSA-R.S. 9:315(A) provides, in pertinent part:
*297 The premise of these [child support] guidelines as well as the provisions of the Civil Code is that child support is a continuous obligation of both parents, children are entitled to share in the current income of both parents, and children should not be the economic victims of divoree[.] [I]t is very important that the children of this state not be forced to live in poverty because of family disruption and that they be afforded the same opportunities available to children in intact families, consisting of parents with similar financial means to those of their own parents.
17In the instant case, on remand, the trial court heard arguments from both parties, reconsidered the evidence which had been presented, and recalculated the amount of Ms. Durfee’s child support obligation. The court stated:
[[Image here]]
We started talking about change of circumstances when we had the trial and that was brought up. But I don’t believe that there really needed to be a change of circumstances shown[.] And I think that because ... the Second Circuit has voided the agreement of no child support between the parties. I think that gives us the right, now, to say, okay, we don’t have to have a change of circumstance because it was never set. [A]nd I think if it was never set, then you set it based on the circumstances at the time that the rules were filed and then go forward.
[[Image here]]
I think that financial information needs to be what Mr. Durfee was making and what the first Ms. Durfee was making. Now, I agree with [Mr. Durfee’s counsel], if I am supposed to consider the fact that the second Ms. Durfee was no longer working. I don’t know where you put that in the child support calculation.
[[Image here]]
My ruling is that the child support starts as of the day that the rule ... was filed because it is not a modification. I think that the actual agreement between the parties that there would be no child support has been voided. And so it tells me there was no child support ever. And we are just setting it now. I think it should be based on what the first Ms. Durfee was making at the time the rule was filed and what Mr. Durfee was making.
[[Image here]]
lsWe agree. In Durfee I, this court found that the consent judgment, which provided that neither of these parties would pay child support was “against public policy and, thus, void.” We find that Ms. Durfee’s argument that the consent judgment constituted a mere “deviation” from the child support guidelines is without merit and contrary to this court’s prior ruling. Therefore, the trial court was not manifestly erroneous in concluding that child support had not been established in this matter.
Additionally, we specifically reject Ms. Durfee’s argument that her child support obligation is $0, based upon the invalid consent judgment. Ms. Durfee has expended considerable time and resources in her attempt to use the courts as a vehicle to circumvent a basic and fundamental legal tenet: parents are legally obligated to pay child support in proportion to their resources. It is undisputed that Ms. Dur-fee is the mother of these children. Therefore, she is legally obligated to financially support them. Accordingly, we find that the trial court was not manifestly *298 erroneous, or clearly wrong, in ordering Ms. Durfee to pay child support to Mr. Durfee in the amount of $418.58 per month, retroactive to June 25, 2008.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs are assessed to the appellant, Amber D’Lainie Durfee.
JjAFFIRMED.

. The record contains no written reasons for the trial court’s judgment. A written agreement executed by the parties, dated December 13, 2006, was introduced into the record. The agreement provided, in part:
By signing below[,] I, Amber Durfee, hereby turn over custody of Hayden and Makenzie Durfee to Scott Durfee. From this date[,] Scott Durfee will have full custody and domicile parent [sic] of said children.
[[Image here]]
As agreed upon between Scott and Amber Durfee, Scott will not pursue Amber for child support.
[[Image here]]

. Ms. Durfee was also ordered to maintain health insurance coverage for the children by making direct payments in the amount of approximately $295 per month. Additionally, the court ordered that Ms. Durfee was prohibited from offsetting her total child support obligation by the amount of health insurance premiums.

. This court also found that the trial court erred in declining to allow Ms. Durfee to deduct the amount of the monthly health insurance premiums from her total child support award. On remand, the trial court ordered Mr. Durfee to provide health insurance coverage for the children.