LOLLEY, J.
h Grover Amos, III, appeals a judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, which awarded his former spouse, Erma Moody Amos, $1,442.42 a month in interim spousal support. For the following reasons, we reverse the trial court’s judgment.
Facts
Grover and Erma were married in Shreveport, Louisiana, in April 2009. Grover, a resident of New Orleans, maintained his south Louisiana domicile, and Erma maintained her residence in Shreveport. The couple evidently never lived together during their marriage, but maintained separate households and employment in their respective cities.
In September 2011, Erma filed a petition for divorce, seeking an end to their marriage as well as interim and permanent spousal support from Grover. Pursuant to an interim order dated February 6, 2012, Erma was awarded support in the amount of $500.00 per month from February 10 until the trial court could further consider the matter. From the order, it appears that the parties reached that amount by agreement in an in camera conference with the trial court judge.
In March, the parties appeared before the trial court to consider the issue of interim support. Grover’s attorney of record, from New Orleans, did not appear. He had informed the trial court that morning that he had car trouble and would not make it to Shreveport. In deciding to proceed with the hearing, the trial court noted that Grover had obtained two prior continuances, and the matter could not be further delayed. Thus, Grover was unrepresented at the hearing. After considering testimony from both |2Erma and Grover, the trial court awarded her interim spousal support in the amount of $1,442.42 a month retroactive to the date of filing her petition, with a credit for $1,000.00 Grover had already paid pursuant to the interim order. This appeal ensued.[1]
Discussion
On appeal, Grover argues that the trial court erred in awarding spousal support to *1246 Erma without receiving evidence regarding the parties’ standard of living and living arrangements during the marriage. We agree.
The statutory grounds for interim spousal support are La. C.C. arts. Ill and 113. Specifically, La. C.C. art. 113 states:
Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce. If a claim for final spousal support is pending at the time of the rendition of the judgment of divorce, the interim spousal support award shall thereafter terminate upon rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.
In a proceeding for divorce, the trial court may award an interim periodic support allowance to a spouse based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage. La. C.C. arts. 111 and 113; Brown v. Brown, 44,989 (La.App.2d Cir.01/27/10), 31 So.3d 532. The purpose of interim spousal support is to maintain the status quo without unnecessary economic dislocation until a final determination of support can be made and until a period of time of adjustment elapses that does not exceed, as a general rule, 180 days after the judgment of divorce. Id,.; Hitchens v. Hitchens, 38,339 (La.App.2d Cir.05/12/04), 873 So.2d 882. A spouse’s right to claim interim periodic support is grounded in the statutorily imposed duty on spouses to support each other during marriage and thus provides for the spouse who does not have sufficient income for his or her maintenance during the period of separation. McAlpine v. McAlpine, 1994-1594 (La.09/05/96), 679 So.2d 85; Brown, supra. The needs of the claimant spouse have been defined as the total amount sufficient to maintain her in a standard of living comparable to that enjoyed by her prior to the separation, limited only by the payor spouse’s ability to pay. Brown, supra.
In order to demonstrate need for interim periodic spousal support, the claimant spouse has the burden of proving that he or she lacks sufficient income, or the ability to earn a sufficient income, to maintain the standard of living that he or she enjoyed during the marriage. Brown, supra; Clark v. Clark, 34,314 (La.App.2d Cir.11/01/00), 779 So.2d 822, writ denied, 2000-3196 (La.01/12/01), 781 So.2d 563, citing Thomey v. Thomey, 33,000 (La.App.2d Cir.04/07/00), 756 So.2d 698.
Once the claimant spouse has established need, the court must examine the ability of the payor spouse to provide support. Brown, supra. If the needs of the claimant spouse surpass the ability of the other spouse to 14pay, interim spousal support should be fixed at a sum that will as nearly as possible be just and fair to all parties involved. Id. In assessing a spouse’s ability to pay, the court must consider his or her means. “Means” includes any resource from which the wants of life may be supplied, requiring an as *1247 sessment of the entire financial condition of the payor spouse. Brown, supra. “Entire financial condition” is not limited to income, but also includes any resource from which his or her needs can be supplied, including income from labor or services performed, physical property, income from such property, and a spouse’s earning capacity. See Kirkpatrick v. Kirkpatrick, 41,851 (La.App.2d Cir.01/24/07), 948 So.2d 390.
The trial court is vested with much discretion in determining an award of interim spousal support. Such a determination will not be disturbed absent a clear abuse of discretion. Brown, supra; Kirkpatrick, supra. An abuse of discretion will not be found if the record supports the trial court’s conclusions about the needs of the claimant spouse or the means of the payor spouse and his or her ability to pay. Kirkpatrick, supra; Clark, supra; Thomey, supra.
Here, Erma failed to meet her burden of proving her entitlement to interim spousal support. Notably, the trial court considered only the income of the parties to determine that Grover was obligated to pay $1,442.42 a month to Erma. Each party submitted as evidence an affidavit of income and expenses. Although Grover’s affidavit claimed a gross monthly income of $3,731.62, he testified (somewhat confusingly) to having an annual Lineóme of $50,000.00 as a postal worker. Despite his sworn affidavit provided to the court stating otherwise, the trial court used that stated amount to determine his monthly income at $4,166.66. That is where the trial court ended its inquiry, and that is where the trial court abused its discretion. Clearly, in addition to establishing the income of the parties and the moving parties’ need, it is incumbent upon the moving party to prove his or her standard of living during the marriage. Erma simply failed to do so. Although she testified as to needing interim support in order to maintain her standard of living, there was absolutely no evidence as to what that standard of living was. Notably, in this very unique marital relationship where the husband and wife never lived together, it would appear that the parties maintained completely separate lives and households during their marriage. There was no evidence that Grover contributed anything to Erma’s standard of living or that her standard of living was altered by the end of their marriage. Further, it was also not abundantly clear whether Grover even had the ability to pay support — Erma surely did not meet her burden of proving that he had that ability. Considering the complete lack of evidence in support of the trial court’s judgment, we conclude that the trial court abused its discretion in determining that Erma was entitled to interim spousal support.[2]
| ^Conclusion
For the foregoing reasons, the judgment of the trial court in favor of Erma Moody Amos is reversed, and all costs of this appeal are assessed to her.
REVERSED.

. Initially, Grover filed a writ application with this Court. However, after determining that the judgment was final on the incidental matter, we remanded the matter to the trial court for the purpose of perfecting the appeal.

. Our determination pretermits consideration of Grover’s additional assignments of error.